# DAVIS *v.* SANDERS.

---

PLEADING; JOINDER OF COUNTS; EQUITY; JUDGMENTS; MERGER; CREDITORS' BILLS.

1. Where a judgment is obtained on a sealed instrument, the original demand becomes merged in the judgment; and in a suit on the judgment it is improper to add a count on the original sealed instrument or the common counts.

2. Where the record of a foreign judgment does not show personal service was had on the defendant, but states that the recollection of the clerk of the court is that service of process against the defendant was accepted by one B as attorney for the defendant, it cannot be said that such defendant was a party to such proceedings.

3. A judgment creditor's suit is only a method for the enforcement of the execution of the judgment, and a decree in pursuance of the bill has no effect whatever upon the operative character of the judgment, further than to satisfy it to the extent to which assets are realized through the decree. The judgment cannot be said to have merged in the decree.

4. Where there is a joint judgment against several defendants, an adjudication by a court of equity, in proceedings subsequently brought by the judgment creditor to enforce his judgment, as to the several liabilities of the defendants as between themselves, will not change or affect the rights of the judgment creditor or the efficacy of his judg-

ment, where the decree so passed expressly recognizes and affirms his right to have execution of his judgment against any or all of the defendants, without any reference whatever to the rights of the defendants as between themselves.

No. 1436. Submitted January 19, 1905. Decided February 7, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action upon a foreign judgment.

*Affirmed.*

The COURT in the opinion stated the case as follows:

On October 1, 1891, the appellant, Henry E. Davis, and seven other persons, executed and delivered to the appellee, Richard W. Sanders, at Wytheville, in the State of Virginia, their joint and several promissory note under seal for the sum of $6,000, with interest payable semiannually, and the principal sum payable on or before October 1, 1895. It seems to have been given in part payment for the purchase of some lands in Virginia by the makers of the note from the payee. Some interest was paid on the note by some of the makers, and the sum of $500 by one on the principal. The note itself was not paid at maturity; and the payee sued upon it at common law in the circuit court of Wythe county, Virginia, and on February 26, 1896, recovered judgment for the whole amount, less certain credits.

Soon afterwards the appellee, as judgment creditor, filed a bill in equity in the same circuit court to reach the equitable interest of certain of the defendants in certain lands in the same county; and on September 30, 1898, a decree was rendered thereon, after various proceedings therein, including a reference to a commissioner to state an account, whereby it was adjudged that the complainant in the bill, the appellee here, should recover of all the parties defendants, including the appellant, his full judgment for $6,000, with interest thereon from April 3, 1893, subject to certain credits; and, further, that if all the parties were solvent they should severally pay, as between them-

selves, certain specified sums to make up the amount of the judgment; but that, as it appeared that they were all insolvent, except three, among whom the appellant was not included, these three, as between themselves, should contribute certain specified sums to make up the amount of the judgment. And it decreed that the real estate designated in the bill of complaint should be sold, and the proceeds of sale applied, as far as they would go, to the satisfaction of the judgment.

Some money was realized from this sale. Subsequently an amended bill was filed, under which a further sum was realized. But a large part of the judgment remained unsatisfied.

The appellant here, who was named as a defendant to the equity proceedings which have been mentioned, was not personally served with process. It is stated, however, in the record before us that "the original process has been lost, but the recollection of the clerk of the court is that service of process against the defendant (the appellant here) was accepted by one Bolling as attorney for said defendant, but such fact does not appear in the transcript of record of the cause." Under the second or amended bill the appellant was not served with process, and did not appear either in person or by attorney, but was proceeded against by publication.

No complete satisfaction of the judgment having been had, and notwithstanding that there were three solvent debtors in Virginia, the judgment creditor (the appellee) instituted suit upon his demand in the supreme court of this District, evidently in the interest of the parties in Virginia, on March 3, 1902, and recovered judgment thereon. His declaration was in three counts: (1) On the judgment at common law in Virginia; (2) on the original sealed instrument; (3) on the common counts. Two of the three counts were, of course, untenable, as the original demand was merged in the judgment rendered thereon. But the point made by the pleadings, and now again raised before us, is that the judgment itself was merged in the subsequent decree of the court of equity; and that, as this decree was to be paid by three persons only, as alleged, it could not be enforced at all by the appellee against the appellant.

The court below ruled against this contention; and there was judgment rendered against the defendant in the cause for the sum of $3,728.06, with interest from February 3, 1903. From this judgment the defendant has appealed, upon bill of exceptions taken.

*Mr. E. S. McCalmont* for the appellant.

*Mr. Clarence A. Brandenburg, Mr. Edwin C. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

It is not very clear to us that the appellant is entitled to avail himself of the equity proceedings in the circuit court of Virginia. It does not appear that he was a party to those proceedings. It is true that he was named as a defendant to the bill of complaint; but it is conceded that he was not personally served with a process, and the record shows no appearance for him. Nor does it appear that there was any order of publication against him. The statement that "the recollection of the clerk of the court is that service of process against the defendant herein was accepted by one Bolling as attorney for said defendant" is too vague and uncertain a foundation upon which to build a structure that would overthrow a solemn judgment of record. Were this the case of a suit here upon that decree, as the appellant suggests it should be, we apprehend that the appellant would strenuously maintain that there was no service upon him, and that he was not bound by the decree. And we are at a loss to see how in the one contingency he should have the benefit of the decree, if in the other contingency he would not be bound by it. There must be some degree of mutuality in the case.

But without determining this question, or finding it necessary to determine it, we are clearly of opinion that the judgment rendered by the circuit court of Wythe county on its common-law side on February 26, 1896, was not merged in the de-

cree rendered on the equity side of the same court on September 20, 1898.

The bill of complaint in the equity cause was plainly nothing more than the usual creditor's bill in equity to reach equitable assets of the judgment debtor in satisfaction of the judgment; and, of course, it cannot reasonably be pretended that the filing of a creditor's bill in equity is the commencement of a new suit wherein the judgment is to become merged. It is only a method for the execution and enforcement of the judgment; and a decree in pursuance of the bill and the reaching of assets under such decree has no effect whatever upon the operative character of the judgment, further than to satisfy it to the extent to which assets are realized through the decree. Of course, if sufficient assets are realized under the decree to satisfy the judgment, that necessarily terminates the operative character of the judgment, as any other payment or satisfaction would do; and if only a smaller sum is realized, the judgment is satisfied *pro tanto,* but the residue remains in full force and effect. This is elementary law, and we do not understand that it is questioned in this case.

The appellant's contention, as we understand it, is that there is here something more than a decree under a creditor's bill for the application of equitable assets to the satisfaction of a judgment; that there is, in fact, in the decree a new adjudication of indebtedness based upon the prior judgment, with an adjudication as to the proportions in which, as between themselves, the judgment debtors are to pay the indebtedness. But this contention we regard as wholly unfounded and without warrant of law, as well as without support in any adjudicated case.

Most of the argument on behalf of the appellant is devoted to the maintenance of the proposition that, if a suit is instituted upon a judgment, and a new judgment is therein had, the prior judgment becomes merged in the new one. But this is a proposition that no one contests. It is argued further, however, that, inasmuch as a decree in equity is of equal value with a judgment at common law, a prior judgment will be merged in a subsequent decree that is founded thereon. But this argu-

ment is fallacious. If, perchance, a proceeding should be instituted in equity, founded upon a previous judgment, to procure a new adjudication of indebtedness, although we are unaware of any reason for the institution of so novel and extraordinary proceeding, it might be conceded that the prior judgment would be merged in the subsequent decree. But bills in equity are not filed for any such purpose; nor would the equity court be open for any such purpose. In connection with judgments, bills in equity are resorted to by the creditors, not for obliterating them, not for merging them, but for execution of them. And it would be most absurd to assume that a step properly taken to enforce a judgment, and which fails to satisfy it, has the effect of destroying its further efficacy.

It is argued, however, that here there is something beyond a mere attempt to have execution of a judgment as against some equitable assets; that there is an actual adjudication which supersedes the previous adjudication. We find nothing of the kind. We find, as against the defenses that may have been set up against execution of the judgment, it is a valid, subsisting, and unsatisfied judgment, upon which the plaintiff was entitled to recover against each and all the defendants. This is not a new judgment, but the recognition of an existing judgment.

Nor does the adjudication of the equity court as to the several liabilities of the defendants as between themselves change or affect the rights of the plaintiff or the efficacy of the judgment in any manner. It was apparently done under a cross-bill filed by one of the defendants and in accordance with a practice prevalent in Virginia. But it expressly recognized and affirmed the right of the plaintiff to have execution of his judgment against any or all of the defendants, without any reference whatever to the rights of the defendants as between themselves. We are at a loss to understand how a recognition of a judgment and of the plaintiff's right to have it enforced against all of the defendants can be construed into a denial of its further efficacy and of its merger into the recognition, as though such recognition were the same as an adjudication of the merits of a suit upon the judgment to procure a new judgment.

We are of opinion that the ruling of the court below in the premises was right, and that the judgment appealed from should be affirmed with costs. And it is so ordered. *Affirmed.*